**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURJEET SINGH, | No. 11-70207 |
| Petitioner, | Agency No. A074-651-608 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

Surjeet Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's second motion to reopen as untimely and number-barred, where the motion was filed over six years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Singh failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time and number limits for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996-97 (evidence was immaterial in light of prior adverse credibility determination); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (evidence of "generalized conditions" in Iran failed to demonstrate that petitioner's situation was "appreciably different from the dangers faced by her fellow citizens"). Further, we reject Singh's contention that his motion to reopen proceedings to consider his CAT claim is not subject to time limitations. *See Chen v. Mukasey*, 524 F.3d 1028, 1033 (9th Cir. 2008).

Finally, we do not address any arguments Singh makes related to adjustment of status because the agency did not address this issue. *See Najmabadi*, 597 F.3d at 986 (this court's review is limited to grounds relied upon by the BIA).

**PETITION FOR REVIEW DENIED.**